## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JAYLEN DALAINO BELL,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:26-cv-00201

CITY OF ST. ALBANS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jaylen Bell's ("Plaintiff") Complaint, (ECF No. 2), and Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1).   By Standing Order entered in this case on March 17, 2026, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   Magistrate Judge Tinsley filed his PF&R on March 31, 2026, recommending that this Court dismiss this civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failing to (1) prosecute and (2) comply with a court order.   (ECF No. 5.) Objections to the PF&R were due on April 17, 2026.   (*Id.*)   On April 4, 2026, Plaintiff filed a timely objection to the PF&R.   (ECF No. 7.)

### I.    BACKGROUND

Plaintiff filed this Complaint and Application to Proceed Without Prepayment of Fees and Costs on March 16, 2026.   (ECF Nos. 1, 2.)   On March 18, 2026, the Court ordered Plaintiff to

1

refile an amended Application to Proceed Without Prepayment of Fees and Costs no later than March 30, 2026.  (ECF No. 4.)  Plaintiff did not meet that deadline.

However, on April 10, 2026, Plaintiff filed a Motion to Accept Filing as Timely and Allow this Matter to Proceed.  (ECF No. 6.)  In that motion, Plaintiff claims that he did not receive the Court's March 18, 2026, order until on or about April 2, 2026, after the deadline to refile had already passed.  (*Id.* (asserting that he "was not provided a meaningful opportunity to comply within the time prescribed").)  He also attached an amended Application to Proceed Without Prepayment of Fees and Costs.  (ECF No. 6-1.)

Nevertheless, on March 31, 2026, Magistrate Judge Tinsley filed his PF&R, recommending that this Court dismiss this civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 5.)  This recommendation was based on the fact that Plaintiff failed to comply with the Court's March 18, 2026, order.  (*Id.*)  Objections to the PF&R were due on April 17, 2026.  (*Id.*)

On April 4, 2026, Plaintiff filed a timely objection to the PF&R.  (ECF No. 7.)  Plaintiff reiterates that he completed and resubmitted an amended Application to Proceed Without Prepayment of Fees and Costs.  (*Id.*)  He also argues that dismissal under Rule 41(b) is a "severe sanction and requires willful failure," whereas "Plaintiff acted in good faith" and "any delay is due to postal transit, not Plaintiff."  (*Id.* (further stating that he has alleged serious constitutional claims and that, in the interest of justice, the case should be decided on its merits).)

## II.  *LEGAL STANDARD*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R.

2

Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.    DISCUSSION

Here, upon *de novo* review, the Court sustains Plaintiff's objection. The Court has authority under Rule 41(b) to dismiss a case with prejudice, on its own motion, for failure to prosecute or failure to comply with a Court order. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). "While the power to dismiss clearly lies with the district court[]," it must weigh "the power to prevent delays" against "the sound public policy of deciding cases on their merits." *Hillig v. Comm'r*, 916 F.2d 171, 173–74 (4th Cir. 1990) (internal quotations and citations omitted). Thus, the Court must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* at 174 (internal citations omitted). These factors do not represent a "rigid, formulaic test," but instead assist the Court, in tandem with the particular circumstances of each case, in determining whether dismissal is appropriate. *See Ballard v. Carlson*, 882 F.2d 93, 95

(4th Cir. 1989).   The Fourth Circuit has also held that "[w]here a litigant has ignored an express warning that non-compliance with a court order will result in dismissal, [a] court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95-96 (4th Cir. 1989)); *see also Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (Goodwin, J.) (applying *Graves* and dismissing a civil action pursuant to Rule 41(b) due to Plaintiff's failure to prosecute).

First, Plaintiff argues that he was not responsible for the failure to comply with the Court order or delay in prosecution.   (*See* ECF Nos. 6, 7.)   Rather, he claims that he did not receive the Court's March 18, 2026, order until on or about April 2, 2026, (ECF No. 6), and "any delay is due to postal transit, not Plaintiff," (ECF No. 7).   Although there is no evidence that Plaintiff did not receive the order until April 2, 2026, the first factor nonetheless weighs slightly against dismissal.

Second, the defendants in this case were not prejudiced by Plaintiff's delay in filing an amended Application to Proceed Without Prepayment of Fees and Costs.   They have not even been served yet.   As such, Plaintiff's delay has not left the defendants "in limbo as to the status of the case against them and caused them to incur additional expenses."   *Cf. J.M. v. Logan Cnty. Bd. of Educ.*, No. 2:15-CV-04822, 2016 WL 164323, at *2 (S.D. W. Va. Jan. 13, 2016) (Johnston, J.). Similarly, the defendants are not "in a difficult position," of being "forced to proceed in a case which Plaintiff has no apparent intention of trying."   *Cf. Ramsey v. Rubenstein*, No. 2:14-CV-03434, 2016 WL 5109162, at *3 (S.D. W. Va. Sept. 19, 2016) (Johnston, J.).   Thus, the second factor weighs against dismissal.

Third, there is not a "presence of a drawn out history of deliberately proceeding in a dilatory fashion."   *Hillig v. Comm'r*, 916 F.2d at 174.   The term "deliberately" means to act knowingly

4

or purposely.  *See Knowingly*, *Black's Law Dictionary* (12th ed. 2024); *Purposely*, *Black's Law Dictionary* (12th ed. 2024); *see also Deliberately, Merriam-Webster's Dictionary* (2025) ("[W]ith full awareness of what one is doing[;] in a way that is intended or planned"); *Deliberately*, *Oxford English Dictionary* (2020) ("[O]n purpose rather than by accident; intentionally").  As discussed above, it is not clear that Plaintiff deliberately failed to comply with the Court's order or failed to prosecute this matter.  Further, even if there was deliberate action, there is not a *history* of such dilatory behavior.  *Cf. Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (Johnston, J.) (finding that the third factor weighed in favor of dismissal where the plaintiffs' total failure to participate in the case after a stay was lifted demonstrated "*only* a history of dilatory action by Plaintiffs").  Thus, the third factor weighs against dismissal.

Fourth, there is no indication that less drastic sanctions would be ineffective, given the short-lived nature of Plaintiff's singular noncompliance.  *Cf. Fontanez v. Diversified Gas & Oil Corp.*, No. 2:22-CV-00232, 2025 WL 1658218, at *6 (S.D. W. Va. June 11, 2025) (Johnston, J.) (reasoning that "lesser sanctions would be insufficient in light of the fact that Plaintiffs have chosen to ignore successive warnings that the case will not progress unless they" comply with the Court's orders); *accord Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993))).  Thus, the fourth factor weighs against dismissal.

Accordingly, because all four *Hillig* factors weigh against dismissal, Plaintiff's objection to the PF&R, (ECF No. 7), is **SUSTAINED**.

5

## IV.   CONCLUSION

For these reasons, the Court **SUSTAINS** Plaintiff's objection, (ECF No. 7), and **DECLINES** to adopt the PF&R, (ECF No. 5).   Plaintiff's Motion to Accept Filing as Timely and Allow this Matter to Proceed, (ECF No. 6), is **GRANTED**.   This case is **RE-REFERRED** to Magistrate Judge Tinsley for further findings of fact and a recommendation for disposition.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 6, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE